UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIDEN ROGERS *et al.*, | Civil No. 10cv1027-L(JMA) |
| Plaintiffs, | **ORDER (1) GRANTING THE UNITED STATES' MOTIONS TO SUBSTITUTE THE UNITED STATES IN PLACE OF DEFENDANT DAVID PLOURD, M.D. AND TO DISMISS THE CLAIMS AGAINST THE UNTIED STATES FOR LACK OF JURISDICTION; AND (2) REMANDING TO STATE COURT THE CLAIMS AGAINST THE REMAINING DEFENDANT** |
| v. | |
| JOHN BENNETT, M.D., *et al.*, | |
| Defendants. | |

Plaintiffs filed this medical malpractice action in State court against several Defendants. The action was removed to this court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2), because one of the Defendants, David Plourd, M.D., is covered by the Federally Supported Health Centers Assistance Act, 42 U.S.C. Section 233. (Notice of Removal; Notice of Certification of Def. David Plourd, M.D. & Notice of Substitution of United States of America for Def. David Plourd, M.D., all filed May 13, 2010.) Specifically, Dr. Plourd "was acting within the scope of his employment as a person who is deemed an employee of the United States, pursuant to 42 U.S.C. § 233, at the time of such actions." (Notice of Certification of Def. David Plourd, M.D.)

The United States filed a motion to amend the caption to remove Dr. Plourd as a named defendant and substitute the United States in his place. Plaintiffs did not oppose the motion. For

the reasons which follow, the motion is **GRANTED**.

If an opposing party fails to file any papers in opposition to a motion, "that failure may constitute a consent to the granting of a motion . . .." Civ. Loc. Rule 7.1(f)(3)(c). Accordingly, the motion is granted based on Plaintiffs' lack of any opposition. In the alternative, the motion is granted under 28 U.S.C. Section 2679(d)(1), which provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

*See also United States v. Smith*, 499 U.S. 160, 164 n.5 (1991). Moreover,

> The remedy against the United States . . . for . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is *exclusive* of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . ..

28 U.S.C. § 2679(b)(1) (emphasis added); *see also* 42 U.S.C. § 233 (the FTCA remedy exclusive). The motion to amend the caption by removing Dr. Plourd as a named defendant and adding the United States in his place is therefore granted on this alternative basis.

The United States also moved to dismiss the claims asserted against it for failure to exhaust administrative remedies. Again, Plaintiffs did not oppose the motion. For the reasons which follow, the motion to dismiss is **GRANTED**.

The motion is granted initially because Plaintiffs did not oppose it. *See* Civ. Loc. Rule 7.1(f)(3)(c). In the alternative, the motion is granted because Plaintiffs failed to comply with 28 U.S.C. Section 2675(a). Once the United States is substituted into the case, as is required by section 2679(d)(1), the action "shall proceed in the same manner as any action against the Untied States filed pursuant to [the FTCA] and shall be subject to the *limitations and exceptions* applicable to those actions." *Smith*, 499 U.S. at 166, quoting 28 U.S.C. § 2679(d)(4) (brackets and emphasis in original). A jurisdictional prerequisite to an FTCA action against the United States is the filing of an administrative claim with the appropriate federal agency, as provided in

28 U.S.C. Section 2675(a). *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Section 2675(a) requires in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . ..

Plaintiff did not file an administrative claim as required by section 2675(a). (*See* Decl. of Meredith Torres.) Accordingly, Plaintiff cannot proceed against the United States. The remedy under the FTCA against the United States is exclusive, 28 U.S.C. § 2679(b)(1), "even though the FTCA itself does not provide a means of recovery," *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 n.6 (1994), citing *Smith*, 499 U.S. at 166. The action against the United States is therefore **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Finally, it appears that after dismissal of the United States, Jerald White, M.D. remains a Defendant in this case. On or About April 19, 2010, and prior to the removal of the action to this court, the complaint was amended to join Dr. White as a party defendant. The United States does not maintain that Dr. White can be deemed its employee for purposes of 42 U.S.C. Section 233 or the FTCA. Because nothing in the record suggests an independent ground for subject matter jurisdiction over the claims asserted against Dr. White, the action is **REMANDED** pursuant to 28 U.S.C. Section 1367(c) to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: October 28, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL